UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

ANCHOR BANCORP WISCONSIN, INC., and
DALE C. RINGGENBERG,

Defendants.

Civil Action No.

FINAL JUDGMENT AS TO DEFENDANT
ANCHOR BANCORP WISCONSIN, INC.

The Securities and Exchange Commission having filed a complaint and Defendant

Anchor Bancorp Wisconsin, Inc. having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

    (a)     to employ any device, scheme, or artifice to defraud;

    (b)     to make any untrue statement of a material fact or to omit to state a material fact

         necessary in order to make the statements made, in the light of the circumstances

         under which they were made, not misleading; or

    (c)     to engage in any act, practice, or course of business which operates or would

         operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert

or participation with them who receive actual notice of this Final Judgment by personal service

or otherwise are permanently restrained and enjoined from any violation of Section 13(a) of the

Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rule 13a-13 [17 C.F.R. § 240.13a-13] by

failing to file with the Commission annual, quarterly, and other reports in accordance with such

rules and regulations as the Commission may prescribe as necessary or appropriate for the proper

protection of investors and to insure fair dealing in the security.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert

or participation with them who receive actual notice of this Final Judgment by personal service

or otherwise are permanently restrained and enjoined from violating, directly or indirectly,

Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing to make and

keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the Defendant.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


Dated: November 26, 2013

_____
UNITED STATES DISTRICT JUDGE

4